O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DEVON WILLIAMS, | ) | CASE NO. CV 09-00789 DOC (RZ) |
|           Petitioner, | ) ) | ORDER TO SHOW CAUSE RE TIMELINESS |
| vs. | ) ) | |
| LARRY SMALLS, Warden, | ) ) | |
|           Respondent. | ) | |

The Court issues this Order To Show Cause directed to Plaintiff because the face of the petition suggests that the action may be time-barred.

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a portion of which established a one-year statute of limitations for bringing a habeas corpus petition in federal court. 28 U.S.C. § 2244(d). In most cases, the limitations period commences on the date a petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1). The limitations period will start instead on one of the following dates, whichever is latest, if any of them falls after the petitioner's conviction becomes final: the date on which a State-created impediment – itself a violation of Constitutional law – was removed; the date on which a newly-recognized Constitutional right was established; or the date on which the factual predicate for the claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

1   The time spent in state court pursuing collateral relief in a timely manner is
2 excluded, *see* 28 U.S.C. § 2244(d)(2), and the courts have held that the statute also is
3 subject to equitable tolling. *See Harris v. Carter*, 515 F.3d 1051, 1054 n.5 (9th Cir. 2008).
4   The current petition was filed on February 2, 2009 and bears a signature date
5 of January 27, 2009. From the face of the petition and from judicially-noticeable materials,
6 the Court discerns that –

    (a)    On June 22, 2005, pursuant to a plea agreement, Petitioner entered a *nolo contendere* plea in Los Angeles County Superior Court to charges of robbery and the use of a firearm in committing the robbery. Pet. ¶¶ 1-2. He received the smallest possible robbery sentence, namely two years imprisonment, plus the mandatory 10-year enhancement for the gun use. Pet. ¶ 2(f); *see* CAL. PENAL CODE §§ 213(a)(2) (robbery sentence range), 12022.53(b) (gun-use enhancement).

    (b)    Petitioner did not appeal. His judgment of conviction became final on August 21, 2005, when his 60-day deadline for seeking a certificate of probable cause expired. *See* CAL. R. CT. 8.304(b) (former Rule 30)

    (d)    Over two years passed. On December 17, 2007, Petitioner filed a habeas corpus petition in the California Court of Appeal, which denied relief on January 22, 2008. He soon filed another habeas petition in the California Supreme Court, but that tribunal also denied relief on July 23, 2008.

\* \* \* \* \*

22   Unless this Court has miscalculated the limitations period, or some form of
23 additional tolling applies in sufficient measure, this action is time-barred. It appears that
24 Petitioner's AEDPA period expired in August 2006, one year after his conviction became
25 final. Petitioner's commencement of state-habeas challenges several months thereafter did
26 not render this action timely. *See Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000).
27   No basis for equitable tolling appears from the face of the petition. *See Pace*
28 *v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005) (equitable

1  tolling of AEDPA statute requires petitioner to show "(1) that he has been pursuing his
2  rights diligently, and (2) that some extraordinary circumstance stood in his way"), *quoted*
3  *in Harris, supra*, 515 F.3d at 1054-55.

4      This Court may raise *sua sponte* the question of the statute of limitations bar,
5  so long as it gives Petitioner an opportunity to be heard on the matter. *Herbst v. Cook*, 260
6  F.3d 1039 (9th Cir. 2001). Accordingly, Petitioner shall show cause why this action should
7  not be dismissed as being barred by the one-year statute of limitations. Petitioner shall file
8  his response to the Court's Order to Show Cause not later than 21 days from the filing date
9  of this Order.

10      If Petitioner does not file a response within the time allowed, the action may
11  be dismissed for failure to timely file, and for failure to prosecute.

12      IT IS SO ORDERED.

14      DATED:    February 11, 2009

16                                                  /s/ Ralph Zarefsky
                                       RALPH ZAREFSKY
17                         UNITED STATES MAGISTRATE JUDGE